Johnson v. Dinsmore.

---

| 11 | 391 |
| 14 | 273 |
| 22 | 362 |
| 11 | 391 |
| 27 | 719 |
| 11 | 391 |
| 29 | 442 |

OAKLEY JOHNSON, PLAINTIFF IN ERROR, V. JOHN B. DINSMORE AND OTHERS, DEFENDANTS IN ERROR.

1. **Practice:** CONTINUANCE: NEW TRIAL. While an application for a continuance is addressed to the discretion of the court, yet where a party has been diligent, and it appears that there has been an abuse of discretion, operating to his prejudice in the final determination of the case, a new trial will be granted.

2. ———: EVIDENCE: INSTRUCTIONS. Where, under the issue made by the pleadings, proof of a material fact devolves on the defendant, and no testimony is offered on either side, it is error for the court to instruct the jury to find for the defendant.

ERROR to the district court for Clay county. Tried below before WEAVER, J.

*Rittenhouse & Hurd* and *Hayes & Steele*, for plaintiff in error, cited *Purrington v. Frank*, 2 Iowa, 565. *State v. Rorabacher*, 19 Iowa, 155. *State v. Painter & Lindley*, 40 Iowa, 298. *Knox v. Arnold*, 1 Wis., 70. Brightley's N. Y. Digest, 2, 3117, 3118. *Allegre v. Md. Ins. Co.*, 6 Harris & Johnson, Md., 408.

*Brown, Ryan & Brown*, for defendants in error, cited *Bone v. Hillen*, 1 Treadway (S. C.) Const., 198. *Kelly v. Saunders*, 35 Mo., 200. *Doe v. Johnson*, 3 Ill. (2 Scam.), 522. *Babcock v. Hill*, 35 Barbour, 52. *Pulliam v. Webb*, 26 Texas, 95. *Foushee v. Lea*, 4 Call (Va.), 279. *Thurman v. Virgin*, 18 B. Mon. (Ky.), 785. *McGinnes v. McGinnes*, 23 Ga., 613. *Hensley v. Lytle*, 5 Tex., 497. *Moore v. Goelitz*, 27 Ill., 18. *Day v. Gelston*, 22 Ill., 103. *State v. Cross*, 12 Iowa, 66. *Mackubin v. Clarkson*, 5 Minn., 242. *Freeland v. Howell*, Anth., N. Y., 198. *Crites v. Lanier*, 1 Taylor, 16. *Post v. Wright*, 1 Caines (N. Y.), 111. *Peebles v. Rales*, 1 Littell (Ky.), 26.

MAXWELL, CH. J.

In 1878, the plaintiff commenced an action against the defendant and others, in the district court of Clay county, to recover the sum of $2,034 damages for certain goods levied upon and sold by the defendant Dinsmore, as sheriff of said county. The defendant in his answer alleges that in October, 1874, two actions were commenced in said court against E. W. Grinnell, one to recover the sum of $283.96, and the other the sum of $1,000, with interest; that attachments were issued against the property of said Grinnell in said actions and placed in the hands of the defendant, as sheriff, who thereupon levied upon said property as the goods and chattels of said Grinnell; and that afterwards judgments were recovered in said actions and said

attached property sold under the order of the court, and the proceeds of said sale paid into court for the satisfaction of said judgments. The plaintiff in reply alleges that after the levy of said attachments, said Grinnell compromised with his creditors by executing and delivering to a trustee for them, certain promissory notes secured by mortgage ·on property belonging to the separate estate of the wife of said Grinnell, and that thereupon the property in question was released, and afterwards sold to one Sawtelle. The answer of the defendant was filed on the thirteenth day of October, 1879, which, as is conceded, was out of time and without leave of court. No motion to strike the answer from the files was made, but on the fifteenth day of November, 1880, the plaintiff filed his reply, and court being in session, he, on the same day, filed a motion for a continuance supported by affidavits. On the morning of the seventeenth, the motion was overruled and the plaintiff required to go to trial at once. A verdict was rendered in favor of the defendants, upon which judgment was rendered dismissing the action.

The errors assigned in this court are substantially, that the court erred in overruling the motion for a continuance, and in its instructions to the jury. The affidavits in question state the testimony which the plaintiff expects the absent witness to give, and states facts from which it appears that such testimony is material, and could not be procured at that term of the court. The affidavits come within the rules heretofore adopted by this court and were sufficient. *Jameson v. Butler*, 1 Neb., 118. *State v. Thatch*, 5 Id., 97. *Williams v. The State*, 6 Id., 334.

In the case last cited (page 338), the court say: "If the affidavits in support of the motion in this case were such as to show that the ends of justice required a continuance to enable the accused to obtain material tes-

timony known to exist, we should feel bound to reverse the judgment on this ground alone."

It is said that an application for a continuance is addressed to the sound discretion of the court, and that its action thereon cannot be reviewed. But this is stating the rule too broadly. The object of the law is to administer justice, and where it clearly appears from all the facts and circumstances in the case that there has been an abuse of discretion operating to the prejudice of the party in the final determination of the case, the court, in a proper case, will grant a new trial. If it were not so, a party might be entirely defeated in his cause of action or defense for the lack of material testimony, which a continuance would enable him to procure. However desirable it may be to have business in court disposed of rapidly, it is of much greater importance that justice be administered, and that the court do not become the instrument for depriving a party of his rights. In the case at bar a number of continuances had already been had, apparently because the case was not at issue, and this circumstance doubtless influenced the court in overruling the motion. But in our opinion sufficient is shown to entitle the plaintiff to a continuance, and that the court erred in overruling the motion.

The court gave the following instruction to the jury: "Gentlemen of the jury, the plaintiff having offered no evidence, you will find for the defendants." Under the issue made by the pleadings it devolved on the defendant to show that the goods levied upon belonged to E. W. Grinnell, and as no proof was offered in the case, the instruction was clearly erroneous. The judgment of the district court is reversed and the case remanded for a new trial.

JUDGMENT ACCORDINGLY.

COBB, J., did not sit in the case.