LEE WATSON V. STATE OF NEBRASKA.
2 N. W. (2d) 589

FILED FEBRUARY 20, 1942.   No. 31322.

*James E. Bednar,* for plaintiff in error.

*Walter R. Johnson, Attorney General,* and *Rush C. Clarke, contra.*

Heard before SIMMONS, C. J., ROSE, PAINE, CARTER, MESSMORE and YEAGER, JJ.

SIMMONS, C. J.

The defendant was charged with breaking and entering a corncrib with intent to steal in violation of the provisions of section 28-538, Comp. St. 1929; was found guilty by a jury and was sentenced by the court to confinement for a period of three years.

Defendant appeals and presents the insufficiency of the evidence to sustain a conviction, alleges errors in the admission of evidence, and in the instructions, and finally complains that, in any event, the sentence is excessive.

That the crime was committed by some one is not questioned. The dispute as to the sufficiency of the evidence centers around that which the state offered to show that the defendant committed the crime. These facts are definitely established. A crib containing corn was located in a cornfield near the intersection of two roads. August 22, 1940, at about 9:30 p. m. two men driving an automobile making the turn at slow speed from one road to another turned their car so that the lights shown on the corncrib. They discovered growing corn broken down between the crib and the road and a pick-up truck with a stock rack on the rear standing backed up toward the crib. They stopped their car. Their vision was aided by a flashlight, and while the truck and surroundings were so lighted up, a stockily built man came from the vicinity of the corncrib and climbed into the cab of the truck. The car with the two men moved slowly on, when the pick-up truck drove out of the field and speedily away from the scene. An examination of the corncrib and surroundings revealed that one board had been taken from the corncrib, corn removed, and some put in sacks. A number of empty sacks were on the ground. An endgate of a truck was against the crib. Tracks led to the corner of the field where a barbed wire fence gate was

found broken down and thrown out into the road. Outside of the gate in soft dirt was found a clear imprint of an automobile tire. A cast was made of the imprint. There was also found broken glass and the rim from a Ford headlight on the side of the roadway outside the broken gate. Five days later defendant's pick-up truck was examined. It fitted the general description of the one seen at the crib. It had a new rim on the *right* headlight; it had deep scratches on one front fender; and the rear tires had peculiar wear marks and treads similar to those found in the track at the scene of the crime.

Defendant had been, a farmer, but for some time had been engaged in a small way in buying and selling live stock and produce. For that purpose he used the truck in hauling and used buildings on the rear of his own and other residence lots in Bellevue. Defendant's physical build corresponded generally with that of the man seen at the corncrib. The state offered evidence as to the above matters and introduced in evidence, over the objection of the defendant, the scratched fender, the new light rim, the pick-up body and the two rear tires taken from the defendant's truck and also the broken lens, the rim, and the endgate found at the corncrib and the cast of the tire impression.

The state also offered the evidence of a neighbor who positively identified from distinguishing marks the endgate as belonging to the defendant. This witness also testified that during the night of the crime and early morning the defendant was seen busily working by electric light in his back yard near his truck on some sort of a wooden structure which the witness called an endgate. In this he was corroborated by another neighbor who testified that the defendant was working in his yard late that night hammering on some sort of a structure.

Defendant admitted the use and possession of the truck on the night of the crime, denied positively the ownership of the endgate and denied the evidence of the witnesses that he had been working in his yard the night in question. He offered the testimony of several witnesses, with whom he

had done business, that they were well acquainted with the truck and that the endgate was not one that they had ever seen on his truck. He offered the evidence of another neighbor explaining that he had been using defendant's truck and, while so using it a few days before the crime, the *left* light had been broken and that he, the witness, had replaced it with a new lens and rim; and also that on another occasion while driving defendant's truck in a field along a wire fence the truck slipped under a barbed wire, and by that evidence sought to explain the scratches. In addition, the defendant offered alibi evidence as to his whereabouts from 8:00 p. m. of the evening in question until the next morning. He also offered testimony that on the next morning he had driven the truck to central Nebraska to purchase live stock, had been gone for some days, and the tires of his truck had had considerable wear between the date of the crime and the date when taken by the officers. The jury heard this testimony, examined the exhibits, and found the defendant guilty.

Defendant contends that a conviction based on circumstantial evidence should not be sustained where, from an impartial consideration of all the evidence, there is reasonable doubt of defendant's guilt. Citations are to cases in the Northwestern Reporter. The attention of the bar is called to the following rule, which, too often, is not followed: "Nebraska cases shall be cited by volume and page of Nebraska official reports, if published therein, and if available, by volume and page of such other reports as may contain such cases." Rule 14, a, 3.

*Heidelbaugh v. State,* 79 Neb. 499, 113 N. W. 145; *Lowe v. State,* 110 Neb. 325, 193 N. W. 707; *Treppish v. State,* 126 Neb. 21, 252 N. W. 388; *Robino v. State,* 133 Neb. 391, 275 N. W. 463; *Sutherlin v. State,* 136 Neb. 809, 287 N. W. 614, are cases cited by the defendant wherein this court held that the evidence was insufficient to sustain a conviction. They do not, however, change the rule, long followed and stated by this court in *Vinciquerra v. State,* 127 Neb. 541, 256 N. W. 78, as follows: "To justify conviction on

circumstantial evidence, it is necessary that the facts and circumstances essential to the conclusion sought must be proved by competent evidence beyond a reasonable doubt, and, when taken together or as a whole, must be of such a character as to be consistent with each other, and with the hypothesis sought to be established thereby, and inconsistent with any reasonable hypothesis of innocence."

"Where in a criminal case the evidence is circumstantial, the circumstances established, must, to warrant a conviction, be such as to exclude every reasonable hypothesis except that of the defendant's guilt. But this rule merely requires the exclusion of such hypotheses as are based on circumstances established by the evidence. It does not require the jury to acquit because of evidence which, if believed, would establish facts consistent with innocence, but which evidence the jury is justified in disbelieving." *Carleton v. State,* 43 Neb. 373, 61 N. W. 699.

The jury had for its consideration the evidence found at the scene of the crime which, in its main aspects, was (1) the endgate, positively identified by one witness as belonging to the defendant; (2) the imprint of the tire track with which to compare the tires of defendant's truck; (3) the rim and broken lens from a headlight and the fact that defendant's car had new parts of that kind on its *right* headlight; (4) the broken wire gate and the scratches on the fender; (5) the defendant's admission that on the night in question he was driving the truck. This evidence, together with other facts not now summarized, was clearly sufficient, if believed, as it apparently was, to sustain the conviction. Defendant's evidence was either in denial or explanation of the state's evidence and an alibi. His principal alibi witness admitted that he had pleaded guilty to a felony. The defendant's evidence, if true, would be inconsistent with his guilt. But the jury had the right to reject and disregard, as it evidently did, the testimony as improbable and untrue. *Smith v. State,* 61 Neb. 296, 85 N. W. 49.

Defendant complains that it was error to admit the plaster cast of the tire track and the rear tires of defend-

ant's truck in evidence without first showing that the truck was in the vicinity of the crib on the night in question and without showing how much the tires had been worn between August 22 and August 27. To sustain this contention defendant relies upon the first twenty-two lines of the third paragraph of the opinion in *Heidelbaugh v. State*, 79 Neb. 499, 113 N. W. 145. The first paragraph of the syllabus states the rule which the court applied in that case. "In a prosecution for the crime of arson, evidence describing the shoes worn by the accused and footprints found near the place where the crime was committed is proper and competent. But it is error to allow the witness making such comparisons to express his opinion that the footprints were made by the accused."

In the instant case the witnesses identified the exhibits, but expressed no opinion as to the conclusions to be drawn from the exhibits. We see no error in the admission of these exhibits. The comparison of the tires and the cast was left for the jury, and they reached their own conclusion thereon, having had the benefit of defendant's testimony as to the amount of wear the tires had had in the five-day period between August 22 and August 27.

The defendant next contends that it was error to permit the state to dismantle the truck and to receive parts of it in evidence and that the jury should have been permitted to view the truck as a complete unit. Defendant does not point out wherein this is prejudicial, and no prejudice is apparent to us.

Instruction No. 7 given by the trial court is as follows:

"You are instructed that in order to warrant a conviction on circumstantial evidence, the circumstances, taken together, should be of a conclusive nature and tendency, leading on the whole to a satisfactory conclusion, and producing, in effect, a reasonable and moral certainty that the accused, and no one else, committed the offense charged; and it is the invariable rule of law that to warrant a conviction upon circumstantial evidence alone, such facts and circumstances must be shown as are consistent with the

guilt of the party charged and as cannot upon any reasonable theory, be true, and the party charged be innocent."

Defendant holds that the law is correctly stated in the last portion of the instruction, but complains of the use of the phrase *"should* be of a conclusive nature" in the first portion of the instruction, and alleges that it minimizes the force of the instruction that "facts and circumstances *must* be shown." The use of the word "must" and not "should" would have been preferable, but the instruction taken as a whole placed the required burden of proof upon the state and protected the rights of the accused. We cannot conceive that the jury were misled by it. The giving of the instruction in the form used was not error requiring a reversal.

Finally, defendant contends that the sentence is excessive, "particularly in view of the fact that no property was taken." The maximum sentence under the statute is ten years. The defendant on the witness-stand admitted that he "plead guilty" to a felony. In his brief it is stated that he "was serving time at the penitentiary at the time of the trial." The facts of his previous conviction, not stated in this record, were probably known to the trial court. We see no reason for disturbing its judgment in that regard.

The judgment of the trial court is

AFFIRMED.