HAROLD E. COX, PLAINTIFF IN ERROR, V. STATE OF NEBRASKA, DEFENDANT IN ERROR.

68 N. W. 2d 497

Filed February 18, 1955. No. 33660.

*Lloyd E. Chapman,* for plaintiff in error.

*Clarence S. Beck, Attorney General,* and *Richard H. Williams,* for defendant in error.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is a criminal action originally instituted in the municipal court of the City of Lincoln, Nebraska, wherein the State of Nebraska was plaintiff and Harold E. Cox was defendant. By complaint duly filed it was charged that Cox committed the offense of operating a motor vehicle on the highways of Lancaster County, Nebraska, while under the influence of intoxicating liquor. In that court he was tried on March 12, 1954, and on that date convicted of the offense charged against him. From the conviction he appealed to the district court where, on April 29, 1954, he was tried to a jury. On April 30, 1954, the jury returned a verdict finding him guilty of the charge. Following conviction he filed a motion for new trial which motion was overruled June 25, 1954. Following the overruling of the motion for new trial he was sentenced to pay a fine of $100, and his license to operate an automobile was suspended for 6 months from and after payment of the fine and costs. From this judgment and sentence the defendant has come to this court by petition in error seeking a reversal of the judgment and sentence. Cox is plaintiff in error but will be referred to hereinafter as the defendant. The State of Nebraska is defendant in error and will be referred to as the State.

As his first assignment of error as ground for reversal the defendant urges that he was prejudiced by failure of the district court to grant him a continuance.

A party to an action is not entitled to have his case continued as a matter of right. The question of whether or not a continuance shall be granted depends first upon a statutory showing. After the showing has been made, whether or not a continuance shall be allowed is a mat-

ter of discretion for the trial court. § 25-1148, R. R. S. 1943; Sundahl v. State, 154 Neb. 550, 48 N. W. 2d 689; Phillips v. State, 157 Neb. 419, 59 N. W. 2d 598. The defendant made his showing conformable to statute.

While the statute and the decisions place the matter of discretion in the district court the decisions do not allow it to reside there without the right of review. Where it clearly appears from all of the facts and circumstances that there has been an abuse of discretion operating to the prejudice of the party seeking the continuance, in the final determination of the case, this court will grant a new trial. Johnson v. Dinsmore, 11 Neb. 391, 9 N. W. 558; Richelieu v. Union P. R. R. Co., 97 Neb. 360, 149 N. W. 772; Juckniess v. Howard, 120 Neb. 213, 231 N. W. 843; Sundahl v. State, *supra;* Phillips v. State, *supra.*

The record as to this subject is that this case came to trial at 2 p. m. on April 29, 1954. The attorney who represented the defendant at the trial was retained about 11 a. m. on the same day and had no knowledge or information regarding the case prior to that time, in consequence of which he had only 3 hours within which to prepare for trial. The jury was impaneled on April 29, 1954, and the further proceedings were had on April 30, 1954. The defendant had Paul Galter as his attorney on April 19, 1954. On that date the defendant and his then attorney were informed by the court that the case would be tried on April 26, 1954, or as soon thereafter as it could be reached. The court at that time became informed that Galter was about to be called into military service, whereupon Galter and the defendant were informed by the court that in the light of that eventuality the defendant should make arrangements for other counsel. The case was not reached until April 29, 1954. Galter left for military service the evening of April 28, 1954. In the meantime and not until April 29, 1954, at 11 a. m. did the defendant arrange for other counsel.

The basic ground for the request for continuance was, according to the affidavit supporting the motion, that

the attorney needed time to prepare the case, to investigate the facts and the law, to talk to witnesses, and possibly to procure the presence of a physician as a witness.

The conclusion cannot be escaped that there was a dereliction of the defendant in the matter of providing counsel earlier to represent him on the trial of this case. In reviewing the question of whether or not the trial court abused its discretion in denying a continuance, the dereliction of defendant in the matter of providing for himself representation may not be entirely disregarded. However it ought not to be said the dereliction in and of itself was sufficient to deprive him of the right to a fair trial, if it may be said that he did not have a fair trial.

It becomes clear from what was said in the opinion in Johnson v. Dinsmore, *supra,* that in determining whether or not discretion was abused by failure to grant a continuance that it is proper to look to the entire record in the case. We do not think that on a consideration of the entire record it may be said that the defendant did not have a fair trial or that any of his rights were in any manner substantially prejudiced.

There is nothing in the record to show that there were other witnesses who if called would have aided in any respect the defense or weakened the case made against the defendant by the State. There is a speculative suggestion that a physician might have been called who might have weakened the force of the State's evidence with regard to the alcoholic content of a urinary specimen. There was not at that time an offer to show any fact in that connection. There has been no offer since. There is nothing apparent in the bill of exceptions or in any step in the case to indicate that the attorney failed in any way to fully, fairly, ably, and intelligently present the case to the court and to the jury.

The conclusion is that the district court did not err in its refusal to grant a continuance.

The next assignment of error deals with nine instructions given by the court. The nine are discussed separately in the brief but they do not require separate consideration. The gist of the attack, for the most part, is that the submission of the issues was improper in form and not sufficiently elaborate. The instructions have been examined and the examination discloses that the issues were fully and fairly submitted. As to some of them the attack made is that they are ambiguous. We have found no ambiguity in them.

It is the rule that if the court has instructed the jury generally on the law of the case and has not withdrawn an essential issue from consideration of the jury error cannot be predicated on failure to charge on some particular phase of the case, unless proper instruction was requested by the party complaining. Jones v. State, 147 Neb. 219, 22 N. W. 2d 710; Planck v. State, 151 Neb. 599, 38 N. W. 2d 790.

In this case the defendant requested no instructions. We find no prejudicial error in any of the instructions attacked by this assignment.

The third assignment of error relates to failure of the court to instruct with regard to the manner of considering evidence adduced by the defendant as to his reputation for sobriety.

It is true that the defendant did adduce such evidence and that the court failed to instruct in regard thereto. It is also true that the defendant failed to request an instruction relative thereto. The failure of the court to give an instruction relative to evidence introduced to prove good character does not operate to effect a reversal of the judgment in the absence of a proffered instruction stating the law in relation thereto. Sweet v. State, 75 Neb. 263, 106 N. W. 31.

The last two assignments of error are that the verdict is against the weight and reasonableness of the evidence and that it is contrary to law. An examination of the bill of exceptions discloses that the verdict is sustained

by ample evidence which was capable of belief and which, if believed, was sufficient to sustain the charge against the defendant.

We find nothing upon which to base a conclusion that the verdict was contrary to law.

The judgment of the district court is affirmed.

AFFIRMED.