STATE OF NEBRASKA, APPELLEE, v. PAUL E. BROWN, APPELLANT.

138 N. W. 2d 465

Filed December 3, 1965. No. 35975.

Francis M. Casey, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

WHITE, C. J.

This is a criminal prosecution for burglary. From a jury verdict of guilty and sentence thereon the defendant appeals. The principal assignments of error relate to error in connection with instructions and the sufficiency of the evidence to support the verdict.

There is evidence on behalf of the State that supports the following statement of facts. On or about January 13, 1964, between the hours of 2 p.m. and 3 p.m., the defendant Paul Brown visited the Plattsmouth Sports Hall, remaining there until 5:30 p.m. when he departed with one Robert Piper at the conclusion of the latter's

working hours in said establishment. The defendant and Piper spent the next several hours at local taverns. They were at Bob's Bar until midnight, the 40 & 8 Club until 1 a.m., and then the Welcome Inn. After leaving the Welcome Inn they went to Tim's Tavern. The testimony is that the defendant broke a window and assisted Piper in entering the building through the broken window. Piper testified that, having gained entrance, he went to the back door and let the defendant in. Piper knew that Timms kept their money in a cooler. He went to the cooler and found the money which he took. It amounted to around $60 and was in a sack. About this time Piper observed the red light of a police car outside. He went to the basement with the sack, hid behind some whiskey bottles, and "passed out."

The defendant, in an extensive review of the witnesses' testimony, contends that they were impeached and their testimony, as a matter of law, is not worthy of belief. We do not agree. After reviewing the record, we come to the conclusion that the following from State v. Nichols, 175 Neb. 761, 123 N. W. 2d 860, is applicable: " 'It is not the province of this court to resolve conflicts in the evidence, pass on the credibility of witnesses, or weigh the evidence. * * * In a criminal action this court will not interfere with a verdict of guilty based upon conflicting evidence unless the evidence is so lacking in probative force that as a matter of law it is insufficient to support a finding of guilt beyond a reasonable doubt.' "

It is true that the State's case rests primarily on the testimony of an accomplice, Robert Piper. But, it is fundamental that the testimony of an accomplice, if it satisfies the jury beyond a reasonable doubt of the guilt of the defendant, may be sufficient to warrant a conviction, although not corroborated. Barnes v. State, 124 Neb. 826, 248 N. W. 381. The record shows that Piper's testimony was corroborated by the witness

Prokupek. She was working in a bakery on the other side of the street and was in a position to observe the front door of Tim's Tavern. She fixed the time of the breaking and entering. She testified that she saw two boys in the doorway of Tim's Tavern; that she could not see what they were doing; but that after a while one of the boys went around to the back of a building known as Nellie's Kitchen, which was located on the southeast corner of the intersection and next door to Tim's Tavern. This would be the route one would take to get to the rear door of Tim's Tavern. Piper testified that he was wearing a blue jacket at the time. The witness Prokupek testified that one of the boys she saw was wearing a blue jacket. While it was not necessary for Piper's testimony to be corroborated, we feel that the corroborating testimony, as recited, supports the conclusion of the sufficiency of the evidence to sustain the conviction. We note that the court, in instruction No. 14, fully instructed the jury as to the consideration of the testimony of an accomplice, and no complaint is made by the defendant in this respect.

The defendant attacks the credibility of several witnesses, claiming they were impeached. This was a matter for the jury to decide and this court will not interfere if there is competent evidence to support the verdict. There is no merit to the assignment of error as to the insufficiency of the evidence to support the verdict.

Defendant contends instruction No. 13 on circumstantial evidence was in error. The portion of the instruction attacked is as follows: "To justify a conviction on circumstantial evidence, it is necessary that the *facts and circumstances essential to the conclusions sought must be proved by competent evidence beyond a reasonable doubt, and, when taken together* must be of such character as to be consistent with each other and with the hypothesis sought to be established thereby and inconsistent with any reasonable hypothesis of innocence." (Emphasis supplied.) It is argued that this

instruction fails to tell the jury that the facts and circumstances alone must be proved by competent evidence beyond a reasonable doubt. We do not agree. The portion of the instruction quoted requires, by reasonable construction, that the facts and circumstances standing alone must be proved by competent evidence beyond a reasonable doubt and then goes on to say that *when taken together* must be consistent with each other and the hypothesis sought to be established thereby and inconsistent with any reasonable hypothesis of innocence.

The court, in instruction No. 13, stated the law as we have long adhered to. Almost identical language was approved in Sedlacek v. State, 166 Neb. 736, 90 N. W. 2d 340, wherein we said: "As stated in Watson v. State, 141 Neb. 23, 2 N. W. 2d 589: 'They do not, however, change the rule, *long followed and stated by this court in Vinciquerra v. State,* 127 Neb. 541, 256 N. W. 78, as follows: "To justify conviction on circumstantial evidence, it is necessary that the facts and circumstances essential to the conclusion sought must be proved by competent evidence beyond a reasonable doubt, and, when taken together or as a whole, must be of such a character as to be consistent with each other, and with the hypothesis sought to be established thereby, and inconsistent with any reasonable hypothesis of innocence." ' " (Emphasis supplied.)

The instruction given followed in almost identical language the established law of this state and was free from error.

It is claimed the court erred in not giving an instruction, on its own motion, on the maxim "falsus in uno, falsus in omnibus." The defendant did not request such an instruction. The proper rule is stated in State v. Archbold, 178 Neb. 433, 133 N. W. 2d 601: " 'If the court has instructed the jury generally on the law of the case and has not withdrawn any essential issue from consideration of the jury, error cannot be predicated on failure to charge on some particular phase of the case,

unless proper instruction has been requested by the party complaining.' "

It is clear that the court instructed generally on the law of the case and withdrew no essential issue from the consideration of the jury. A request was necessary before the court could properly consider whether to instruct on this issue. There is no merit to this contention.

We find no prejudicial error in the record. The judgment of the district court should be and is affirmed.

AFFIRMED.