STATE OF NEBRASKA, APPELLEE, v. EDWARD WOODS, APPELLANT.

156 N. W. 2d 786

Filed March 1, 1968. No. 36709.

Adolph Q. Wolf and Lynn R. Carey, Jr., for appellant.

Clarence A. H. Meyer, Attorney General, and Homer G. Hamilton, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

This is a criminal action in which defendant was charged with the robbery of the Goodrich Dairy in Omaha, Nebraska, on February 18, 1967. Trial was had to a jury commencing April 24, 1967, a verdict of guilty returned, and judgment entered in conformity therewith. Defendant appeals.

The only assignments of error urged deal with two propositions. First, the endorsement of the names of additional witnesses on the information at the commencement of and during the trial, the giving of testimony by

such witnesses, and the denial of the defendant's motion for a continuance. Second, the admission into evidence of an alleged confession of the defendant, designated as exhibit 12.

The practice of some prosecuting officers of failing to prepare a case for trial in such manner as to familiarize themselves with the witnesses required for trial, resulting in a failure to endorse the names of such witnesses on the information at the time it is filed, must be condemned but is not ordinarily fatal. The record, insofar as it pertains to the first assignment of error mentioned, reflects that the names of two witnesses who were police officers and who testified as to foundational matters with reference to the confession of defendant were endorsed on the information at the commencement of the trial. A notice of intention to apply for permission to endorse such names on the information had been filed and served on defendant's attorney 11 days prior to the commencement of the trial and no objection was made thereto until the morning of the trial when the motion was made. Defendant moved for a continuance on the ground of surprise. During the course of the trial, the State was permitted to endorse the name of another police officer on the information. Defendant had been arrested shortly after the time of the robbery and when apprehended was in his automobile. The automobile was subsequently towed to the police garage, a search warrant obtained, and certain exhibits introduced at the trial were found therein. During the course of the trial, it was discovered that the evidence of the State failed to reflect surveillance of the automobile and noninterference therewith during the time it was towed to the garage, and a police officer, whose name was endorsed on the information during the course of the trial, was called to supply this missing link in such foundational evidence.

It would seem clear that the endorsement at the commencement of the trial of the names of the officers who

took defendant's confession could not have taken the defendant by surprise, or in any way have constituted an abuse of discretion, as the defendant was apprised of the names of the witnesses and of the intention to call them, as well as the endorsement of their names on the information, 11 days prior to trial, and had ample opportunity to ascertain the purpose for which they would be called and to obtain any available testimony in rebuttal thereof. Regarding the endorsement of the name of the officer who helped to tow the defendant's car to the police garage, his evidence was in the nature of a simple foundational matter linking the automobile with the defendant, and showing that it was in the same conditon on arrival at the police garage as it was at the time of defendant's arrest. Certainly evidence along this line connecting the defendant with the automobile and the exhibits found therein, and showing no change in the car or its contents prior to its search, would have been anticipated by any competent defense attorney. It is difficult to see how defendant could have been surprised and thereby prejudiced by such evidence. "A trial court may, in the exercise of its discretion, permit the names of witnesses to be endorsed upon an information before or after the trial has begun when there is no showing of prejudice to the rights of the defendant." Waite v. State, 169 Neb. 113, 98 N. W. 2d 688. See, also, Svehla v. State, 168 Neb. 553, 96 N. W. 2d 649; Phillips v. State, 157 Neb. 419, 59 N. W. 2d 598, 58 A. L. R. 2d 1141. "An application for a continuance is addressed to the sound discretion of the trial court and its ruling thereon will not be disturbed unless it appears that the rights of the defendant were prejudiced thereby." Svehla v. State, *supra.* In support thereof, see Phillips v. State, *supra.*

With reference to the second assignment of error, defendant contends that his confession was admitted in violation of the rules laid down in Miranda v. Arizona, 384 U. S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694, 10 A. L. R. 3d 974. On this question, evidence was first heard

by the court in the absence of the jury. At that time defendant testified that on the evening of February 18, 1967, shortly after his arrest, he was briefly interrogated by two police officers who gave him the Miranda warnings and that on such occasion defendant had demanded an attorney to represent him. Defendant further states that on the following day, February 19, when questioned by officer Foxall, he again, following the giving of the Miranda warnings, demanded an attorney but does not maintain that when officer Foxall again talked to him on February 20 at which time the statement was given, after he had again received the Miranda warnings, he again demanded an attorney. The defendant's evidence as to his request for an attorney on the evening of February 18 stands unrebutted as the State negligently failed to call the officers who had talked to him at that time, but defendant's testimony as to such request having been made on the following day of officer Foxall was definitely rebutted by the testimony of this officer. Defendant's written statement which he does not deny having read and signed, sets out the Miranda warnings and defendant's answers thereto. With reference to the point now raised by defendant regarding his demand for legal representation, the following is pertinent: "Q. You have the right to consult with a lawyer and have the lawyer with you during the questioning. Do you understand that? A. YES. Q. If you cannot afford a lawyer, the court will appoint one to represent you. Do you fully understand that? A. YES. Q. Knowing your rights in this matter, are you willing to make a statement to me now? A. YES. Q. Do you willingly waive and do without the services of an attorney at this time? A. YES." The questions presented relate to whether or not after defendant first requested an attorney on February 18 in accordance with the undenied evidence in this case, the court was within its discretion in finding, as it obviously did, that no such request had been made of officer Foxall on either the 19th or 20th of February, and

whether defendant's failure at that time to renew his request for legal representation, together with the unconditional waiver thereof found in the statement given by him, meets the requirements of Miranda regarding waiver and justifies the receipt in evidence of exhibit 12. The following excerpts from Miranda bear upon this point: "If the interrogation continues without the presence of an attorney and a statement is taken, a heavy burden rests on the government to demonstrate that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel. * * *

"An express statement that the individual is willing to make a statement and does not want an attorney followed closely by a statement could constitute a waiver." It would appear that defendant, having failed to renew his first request for an attorney and subsequently having explicitly and voluntarily stated that he did not want an attorney after which he proceeded to give the statement in question waived this constitutional right under the rules laid down in Miranda.

Defendant mentions, but apparently does not seriously contend, that his giving of the statement in question was influenced by the fact that a woman acquaintance, who was with him at the time of his arrest, was also being held in custody. Defendant concedes that this woman was not a relative, was not a girl friend, but on the contrary, was a person with whom he had been casually acquainted for less than a week This factor cannot be considered sufficient standing alone to constitute coercion and render his confession invalid.

The judgment of the district court is affirmed.

AFFIRMED.