STATE OF NEBRASKA, APPELLEE, V. DALE LEO SCHUMACHER, APPELLANT.

171 N. W. 2d 181

Filed October 10, 1969.   No. 37205.

Gordon C. Shaffer, Jr., for appellant.

Clarence A. H. Meyer, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

Defendant Dale Leo Schumacher was charged in the district court for Sioux County, Nebraska, with grand larceny. The specific theft charged was of 60 storage batteries of the value of $120, the property of M. W. Didier. Trial was had to a jury which returned a verdict of guilty and fixed the value of the batteries at $81.25, thus finding defendant guilty of petit rather than grand larceny. We affirm the judgment of the district court.

One E. A. Pinney of Scottsbluff, Nebraska, was engaged in the part-time business of dealing in scrap metal and junked storage batteries. Defendant was his partner. M. W. Didier operated an automobile service station in Harrison, Sioux County, Nebraska. On the evening of June 15, 1967, he had 60 to 65 junk batteries stacked behind his station. They were missing the following morning. Pinney and defendant were at the station on June 9, 1967, and offered Didier $1.05 per battery, but the offer was refused. On June 16, 1967, Didier, deputy sheriff Pullen, and sheriff Broderick went to the Miller Salvage Yard between Scottsbluff and Gering, Nebraska. There they found a pile of batteries

including two smeared with yellow paint and one with red paint which Didier identified as three of those taken. Four or five serial numbers were taken from some of the batteries and by checking his records, Didier identified four of the serial numbers as being on batteries which were among those taken. Pinney had loaned his Ford pickup truck to defendant on the afternoon of June 15, 1967, and did not get it back until the following day. Lawrence Lewis, another service station operator in Harrison, identified defendant as a person who had bought gasoline from him about 9 p.m., on June 15, 1967. He also identified the Pinney pickup as the one then driven by defendant.

The imprint of a rear tire was found at the Didier station where the batteries had been piled. A similar imprint was found at the Miller Salvage Yard adjacent to the pile of batteries and the Pinney truck had rear tires which made similar imprints. Pictures of one of the rear tires and the imprints found were introduced in evidence.

Henry Miller, operator of the salvage yard, testified he had no batteries there on the evening of June 15, 1967, but on going to work on the morning of June 16, he found the pile of batteries referred to. Early in the afternoon defendant appeared, said he had left the batteries, and was paid for them, receiving a check for $113.70. He also testified that the batteries had a market value of $1.30 or $1.35 in Scottsbluff and would be worth that figure, less transportation costs of about 20 cents in Harrison. Lawrence Lewis also testified that he had sold such batteries in Harrison and received money for them.

Defendant complains that there was no competent evidence of value and that it was error to receive Miller's evidence as to value. We find the evidence sufficient to establish that the batteries taken did have at least some value. Defendant, having himself offered $1.05 per battery in Harrison for the ones taken has established

this fact. This is sufficient to support the verdict of guilty of petit larceny. See § 28-512, R. R. S. 1943. Under the circumstances, no substantial miscarriage of justice having occurred and no prejudice appearing, plaintiff does not have good cause for complaint. See § 29-2308, R. R. S. 1943.

Defendant also claims error in the admission of testimony regarding the description of tires and imprints. A deputy sheriff testified to the tire imprints, described them, and identified pictures of them. He also stated he examined the tires on the Pinney pickup and that those on the rear were Firestone tires. A picture of one of them and of the imprint it made, found directly behind it, is in evidence. The witness stated that such a tire could leave an imprint similar to the one found at the Didier station. We are unable to see any error in the admission of this testimony. Any person is able to make a comparison of tires and tire imprints on viewing them, and to describe what he saw, or to state whether or not a tire with a certain type of tread would make an imprint similar to one appearing in evidence by means of casts or photographs. This is a statement of fact, not of opinion. In any event, it is a matter readily ascertainable by any person with ordinary powers of observation and is not necessarily a subject requiring expert testimony. It will be noted that the witness did not state that in his opinion the imprints found were made by the pickup truck alleged to have been operated by the defendant. See Watson v. State, 141 Neb. 23, 2 N. W. 2d 589.

It is asserted that the court erred in refusing an instruction tendered on the sufficiency of circumstantial evidence and in giving in lieu thereof the instruction set out in NJI 14.50. The refusal of the tendered instruction was without prejudice to defendant. "Where a requested instruction is substantially covered by another instruction it is not error to refuse the request." State v. Lewis, 177 Neb. 173, 128 N. W. 2d 610.

During the trial, a 1-day continuance was granted on motion of the State to enable it to secure the attendance of a duly subpoenaed material witness who appeared to be ill. Defendant has not shown, and does not contend, that he was prejudiced in any manner by the granting of the continuance. "An application for a continuance is addressed to the sound discretion of the trial court and its ruling thereon will not be disturbed unless it appears that the rights of the defendant were prejudiced thereby." State v. Woods, 182 Neb. 668, 156 N. W. 2d 786.

The judgment of the district court is affirmed.

AFFIRMED.