STATE OF NEBRASKA, APPELLEE, v. STEVEN J. KRUEGER, APPELLANT.

231 N. W. 2d 364

Filed July 10, 1975. No. 39901.

Arnold E. Wullschleger, for appellant.

Paul L. Douglas, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BOSLAUGH, J.

The defendant was convicted of assault with intent to rape and sentenced to imprisonment for 2 to 4 years. He appeals contending the trial court erred in permitting the State to introduce a statement he made to the police while in custody.

The assault took place on July 25, 1974, in Beatrice, Nebraska, in a shed at a miniature golf course where the victim was employed. The victim was struck about the face and head and the evidence indicates a rape would have occurred if the victim had not suffered an asthmatic attack during the assault. The defendant was positively identified by the victim and a friend of the victim who had seen the defendant at the golf course before the assault occurred.

The defendant was apprehended at about 3:15 p.m. that afternoon and taken to the police station. When advised as to his rights, the defendant stated that he would like to have an attorney. The police advised the defendant he could use the telephone to call a lawyer, but the defendant said he did not know anyone in Beatrice and didn't have money to hire one from Lincoln. The defendant was advised as to his rights about an hour and a half later but again declined to make a statement. Although the defendant had declined to make a statement, and was not furnished counsel, the police continued to question him.

At a pretrial hearing the defendant testified a police lieutenant had told him that if the defendant made a statement he would be charged with only assault and battery. This officer did not testify at the pretrial hear-

ing or at the trial, and the defendant's testimony in that regard was not contradicted. There was also evidence of conversation concerning a possible reduction of the charge in the event of insufficient evidence or other circumstances.

A complaint charging the defendant with assault with intent to rape was filed the next day and the defendant was taken before the county judge. While the defendant was being removed from the jail to be taken to the courthouse he asked one of the police officers if a statement would help him. The officer answered that he did not know, but that the police would listen to the defendant if he had a statement to make. The defendant then wrote a statement on the back of the rights form in which he admitted the assault but did not admit its purpose. The defendant contends this statement should not have been received in evidence because it was obtained in violation of his constitutional rights as declared in Miranda v. Arizona, 384 U. S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694, 10 A. L. R. 3d 974.

In Miranda v. Arizona, *supra,* the United States Supreme Court stated: "If the individual indicates in any manner, at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease. * * * If the individual states that he wants an attorney, the interrogation must cease until an attorney is present." See, also, State v. Moore, 189 Neb. 354, 202 N. W. 2d 740.

The record in this case indicates the police continued to question the defendant although he had declined to give a statement and had requested counsel. If a statement had been obtained on July 25, 1974, it might have been inadmissible because of the disregard of the defendant's rights. However, no statement was obtained at that time. See State v. Silvacarvalho, 180 Neb. 755, 145 N. W. 2d 447.

The question here is whether the statements concerning a possible reduction in the charge, made on July 25,

1974, carried over to the next day and rendered the statement made at that time inadmissible. Law enforcement officers should make sure that no statements are made which offer the defendant a benefit or an advantage dependent upon the making or executing of a statement or confession. State v. McDonald, 187 Neb. 752, 194 N. W. 2d 183.

In this case there was about a 24-hour interval between the statements concerning a possible reduction of the charge and the making of the statement. In reply to the defendant's inquiry on July 25, 1974, as to whether the giving of a statement would benefit him, the officer stated he did not know. Under these circumstances the trial court and the jury could find that the statement made on July 26, 1974, was voluntary and made by a defendant who was fully cognizant of all his rights. See, State v. Godfrey, 182 Neb. 451, 155 N. W. 2d 438; State v. Woods, 182 Neb. 668, 156 N. W. 2d 786; State v. Davis, 180 Neb. 830, 146 N. W. 2d 220.

The judgment is therefore affirmed.

AFFIRMED.

McCOWN, J., dissenting.

The record here establishes that after the 18-year-old defendant had asked for a lawyer and declined to give a statement, the police continued to question him and later renewed the questioning in direct violation of the specific requirements of Miranda. Officer Klevemann admitted he told the defendant that he might be charged with something less than assault with intent to commit rape. The defendant testified that Lt. Stevens told the defendant that if he made a statement he would only be charged with assault and battery. That testimony was completely uncontradicted. On the following day when the defendant asked one of the same police officers if a statement then would help in his defense, the officer stated that he did not know, but proceeded to inquire if the defendant wanted to give a statement. After a recitation of the Miranda rights advisory form the

critical statement was given at a time before any counsel had been appointed for the defendant and even before the preliminary hearing. Such a flagrant violation of the clear commandments of Miranda, coupled with the direct inducement of a promise of a reduced charge, ought not to go unchallenged.

The rote recitation of the Miranda rights advisory form by a police officer does not by itself constitute compliance with Miranda nor justify a violation of the clear commandment that where a defendant wishes to remain silent and wants an attorney, the interrogation must cease until an attorney is present. Neither does a repetition of the recitation of a rights advisory form on the next day cure all prior violations where the un-withdrawn and improper inducements still tainted the voluntary nature of any statement. The requirement that a defendant be advised of certain constitutional rights is only an attempt to insure that the basic constitutional protection granted by Miranda will be granted to every defendant. To give even tacit approval to the flagrant violation here is to treat the right to counsel and the right against self-incrimination as if they were constitutional ghosts to be exorcised by the incantation of a Miranda rights advisory form. A violation of such basic constitutional rights is not so easily cured. In this case it is ironic that in hard reality the critical statement the officers sought to obtain was unnecessary for the conviction.