ANTON TRAMP v. STATE OF NEBRASKA.

FILED FEBRUARY 14, 1920. No. 21266.

1. **Criminal Law:** CONFESSION. A confession induced by fear or promises, and not voluntarily made, is not admissible in evidence.

2. ——: ——: ADMISSION: PREJUDICIAL ERROR. Where a statement, in the nature of a confession, is offered in evidence by the state in a criminal prosecution, it may be prejudicial error for the trial judge to refuse the request of defendant to hear the testimony of his witnesses tending to prove the statement was procured under fear of great bodily harm by a mob, before receiving such statement in evidence and allowing it to be read to the jury.

ERROR to the district court for Knox county: ANSON A. WELCH, JUDGE. *Reversed.*

*R. J. Millard* and *F. L. Bollen,* for plaintiff in error.

*Clarence A. Davis, Attorney General,* and *J. B. Barnes, contra.*

ALDRICH, J.

Prosecution for violation of chapter 187, Laws 1917. Complaint was filed in county court of Knox county charging, among other things, that on the 18th of July, 1918, defendant gave and furnished intoxicating liquors to another. This act was a second offense; the first offense having been committed in Dixon county. There were three counts in the information. The jury acquitted defendant on the second and third counts, finding him guilty only on the first count.

Several assignments of error are set out in defendant's brief. It is necessary to consider but two: First, was there proper and sufficient foundation laid for introduction in evidence of a written statement or confession of defendant?

The court permitted introduction of the statement of defendant over his objection and offer to prove that this statement was made under duress while defendant was surrounded by an angry crowd making threats and talking of producing a rope, and while defendant was in fear of great bodily harm. The admission in evidence of a confession or statement made under these circumstances constitutes reversible error.

After permitting this statement to go before the jury, its weight and certain impressions would be lodged with the jurors, and the burden would, in effect, be upon defendant to show that the confession was made under threats of violence and in the presence of a crowd of men who were acting like members of a mob. This is prejudicial error.

The defendant signed and acknowledged the statement in the presence of the county attorney with the crowd in close proximity. It was an abuse of discretion for the trial court to allow the jury to receive this evidence without first giving defendant opportunity to prove under what conditions and circumstances the statement was obtained. It was the duty of the trial judge to pass upon the sufficiency of the foundation. The only theory on which such a statement is permissible of being introduced is where given voluntarily, without fear of punishment, or hope of reward, and free from violence and any possible bodily harm.

The verdict of the jury is reversed, and the cause is remanded for further proceedings.

REVERSED.

ROSE, J., dissents.

LETTON and DAY, JJ., not sitting.

CORNISH, J., concurring.

While it is the general rule that, after the state has laid a foundation for the introduction of a confession, the defendant, upon request, will be permitted to cross-examine the witness and introduce evidence to show that the confession was not voluntary, before the confession will be permitted to go to the jury, it is not to be understood that in this opinion we are holding that in all cases it would be prejudicial error for the trial court to refuse to first permit defendant's evidence. The trial judge has a certain discretion in determining the order of the testimony, which, however, may be abused.

When the evidence, touching the voluntary character of the confession, is not clear but conflicting, then such evidence, together with evidence showing the confession, should be submitted to the jury under proper instructions to consider or not consider it, in accordance with the law given them bearing upon the voluntary character of a confession.