## PAUL HOLTHUS V. STATE OF NEBRASKA.
292 N. W. 603

FILED JUNE 7, 1940. No. 30736.

*Kenneth S. Wherry*, for plaintiff in error.

*Walter R. Johnson, Attorney General*, and *Rush C. Clarke,* contra.

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

CARTER, J.

Plaintiff in error, hereafter referred to as the defendant, was convicted of the crime of cattle stealing, and sentenced to serve from three to five years in the state reformatory.

The record shows that on November 22, 1938, one Addie Hull purchased some cattle at Fairbury, Nebraska, which were transported to Pawnee City, Nebraska, by trucks during the night of the same day. The cattle were unloaded at the Fink stockyards shortly after midnight. On the following morning four of the cattle were missing. They were described as a white-faced cow, weight 1,165 pounds; a white-faced polled heifer, weight 845 pounds; and two small red steers, weighing 1,586 pounds. It was subsequently dis-

covered that four head of cattle of approximately the same description and weight were sold to the Lincoln Packing Company in Lincoln, Nebraska, on November 23, 1938, by one Keith Avery. Checks were given to Keith Avery for the cattle in the total sum of $177.24, which were cashed the same day at the Continental National Bank in Lincoln. The state called Keith Avery as a witness, and he promptly claimed immunity from testifying on the ground that he might incriminate himself in so doing.

The record shows that after Addie Hull unloaded the cattle which he himself had hauled from Fairbury, he went to a restaurant, and there at about 2 a. m. saw defendant in company with Keith Avery and one Virgil Ireland. Defendant's empty truck was parked in front of the restaurant.

The record shows that the sheriff of Pawnee county requested the sheriff of Johnson county to take the defendant into custody, and in response to that request Edgar Mahoney, sheriff of Johnson county, on November 29, 1938, called defendant on the phone and asked him to come to Tecumseh. Defendant and his wife thereupon went to the sheriff's home in Tecumseh, at which time the sheriff walked out to the car and said: "Paul, you are in trouble, aren't you?" The sheriff says he answered: "Yes;" while the defendant and his wife testify that no reply was made. Defendant was thereupon taken to the courthouse, where a statement was made in which he confessed his guilt. Much of the record is taken up with testimony as to the admissibility of this confession in evidence.

When the confession was made it appears that, in addition to the defendant and his wife, there were present Edgar Mahoney, sheriff of Johnson county; M. J. Donahue, sheriff of Pawnee county; Raymond B. Morrissey, county attorney of Johnson county; and Esther Wolford, stenographer in the county attorney's office. The questions were asked by Morrissey. The questions and answers were taken in shorthand and transcribed by Esther Wolford. The manner of taking the confession was minutely gone into by both the state and the defendant. The record is absolutely devoid

of any evidence of any unlawful inducement or threats made in procuring the statement. In fact, it appears that the statutory penalty for cattle stealing was read to the defendant before any statement was taken. The defendant explained that he thought the statement was necessary in order that he could be taken to Pawnee City. He does not contend that improper inducements or threats were made to procure the statement. As to the contents of the statement, particularly the answers he had given, he seems at the trial to have suffered a complete and convenient loss of memory. Defendant's counsel urges that the confession was not voluntary because the statement itself does not so state. It is also urged that defendant was not advised of all his constitutional rights, and for that reason it is not properly admissible. There is no merit to these contentions. The confession meets all the requirements contained in the holdings of this court on the subject. The correct rule is: In laying a foundation in a criminal case for the admission of a confession in evidence, it is sufficient to establish affirmatively all that occurred immediately prior to and at the time of making of the confession, provided such affirmative proof shows it to have been freely and voluntarily made and excludes the hypothesis of improper inducements or threats. The following cases support this rule: *Grammer v. State,* 103 Neb. 325, 172 N. W. 41; *Bush v. State,* 112 Neb. 384, 199 N. W. 792; *Stagemeyer v. State,* 133 Neb. 9, 273 N. W. 824.

Defendant asserts that the state has failed to prove beyond a reasonable doubt that there was a felonious taking without the consent of the owner. There can be no doubt that the cattle delivered at the Fink stockyards were the property of Addie Hull. Whether the technical custody of the cattle was in Addie Hull or the Fink stockyards at the time of the larceny is not made clear by the evidence. Both Addie Hull and John Fink testified to the loss of the cattle. While it is true that a lack of consent was not shown by express terms, the effect of the testimony is that there was an entire want of consent to the taking. The confession offered in evidence establishes the want of consent to the

taking without any doubt. All the circumstances shown by the record were inconsistent with a taking with the consent of the owner. Want of consent may be inferred from circumstances shown by the evidence, the same as any other fact. We think the cases of *Johns v. State,* 88 Neb. 145, 129 N. W. 247, *Palmer v. State,* 70 Neb. 136, 97 N. W. 235, and *Rema v. State,* 52 Neb. 375, 72 N. W. 474, are controlling on this point.

The evidence is clearly sufficient to sustain the conviction. The confession as made was undoubtedly true, as the subsequently disclosed facts check accurately with it. Many pertinent facts found to be true would never have been discovered but for the confession. The facts considered with all the other evidence in the record adequately support the conclusion at which the jury arrived.

We have examined other assignments of error and conclude that they are without merit. Finding no prejudicial error in the record, the judgment of the trial court is affirmed.

AFFIRMED.