ALEX REIZENSTEIN, PLAINTIFF IN ERROR, V. STATE OF NEBRASKA, DEFENDANT IN ERROR.

89 N. W. 2d 265

Filed April 18, 1958. No. 34302.

LaVerne H. Hansen, for plaintiff in error.

Clarence S. Beck, Attorney General, and Cecil S. Brubaker, for defendant in error.

Heard before Simmons, C. J., Carter, Messmore, Chappell, Wenke, and Boslaugh, JJ.

Messmore, J.

The record in this case has been re-examined particularly with reference to the motion for rehearing filed. From this re-examination no basis has been found to justify a departure from the determination made by the original opinion. 165 Neb. 865, 87 N. W. 2d 560.

Inadvertence however does appear in the opinion and misunderstanding may flow from it. In this light the last full paragraph on page 870 of the Nebraska Report in which the opinion is reported is withdrawn and the following is substituted therefor: The defendant offered in evidence the shorthand notes of a statement made by the defendant. The statement was not received in evidence but it is in the bill of exceptions and was made available to the defendant before the trial was concluded. There will be reference to this statement later herein.

Also the last full paragraph on page 872 of the Nebraska Report and the one following are withdrawn and the following two paragraphs are substituted therefor: If any abuse of discretion was involved the defendant was afforded the opportunity to demonstrate it. He called the reporter who took the statement and by inquiry from him attempted to get the shorthand notes containing the statement into evidence. Objection was made and sustained. The notes were identified as exhibit No. 52. The court ordered the preparation and production of a transcript of the notes as a substitute for the notes. This transcript appears in the bill of exceptions and is identified as exhibit No. 52. Thus on the record presented for review the attorney for the defendant had available for examination the contents of the statement before the conclusion of the trial.

In the light of the fact that the trial court made available to the attorney for the defendant the contents of

452

the statement and an opportunity, before the trial was over, to examine it and to ascertain whether or not his client had been prejudiced by the refusal to produce the statement when requested and to call attention to the particular prejudice, if any in fact existed, but in these respects he failed to act, it does not appear that he is on this review entitled to assert successfully that the trial court abused its discretion in this area.

The motion for rehearing is denied.

FORMER OPINION MODIFIED.

MOTION FOR REHEARING OVERRULED.

YEAGER, J., participating on briefs.