STATE OF NEBRASKA, APPELLEE, V. JEROME ERVING, JR., APPELLANT.

146 N. W. 2d 216

Filed November 11, 1966.   No. 36200.

Adolph Q. Wolf, Fred J. Montag, Michael McCormack,

Bennett G. Hornstein, and Lynn R. Carey, Jr., for appellant.

Clarence A. H. Meyer, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and NEWTON, District Judge.

BOSLAUGH, J.

The defendant, Jerome Erving, Jr., was convicted of murder in the perpetration of a robbery and sentenced to life imprisonment. His motion for new trial was overruled and he has appealed.

The robbery took place at the Sip' N-Chin Bar in Omaha, Nebraska, on August 18, 1964. The record shows that defendant and Deborah Boston entered the bar at about 9 p. m. Shortly thereafter, Nathaniel Hall entered the bar and shot and killed the bartender. At the direction of the defendant, Deborah Boston took the money out of the cash register, the defendant took several bottles of whisky from the back bar, and they then fled from the scene in an automobile operated by Donald Henry Davis, Jr.

There were a number of persons in the bar who were eyewitnesses to the killing. Two of these persons identified the defendant at the trial.

Upon the motion of the State, the defendant's case and the cases of Deborah Boston and Donald Henry Davis, Jr., were consolidated for trial. The defendant's first assignment of error relates to the consolidation of the cases for trial and the overruling of the defendant's later motions for severance.

Section 29-2002, R. R. S. 1943, provides that separate informations filed against two or more defendants may be consolidated for trial if the defendants are charged with having participated in the same act or transaction that constitutes the offense. The right to a separate trial now depends upon a showing that prejudice will re-

sult from a joint trial. In the absence of a showing of an abuse of discretion, the ruling of the trial court upon a motion for severance will not be disturbed. State v. Brown, 174 Neb. 387, 118 N. W. 2d 328; State v. Hall, 176 Neb. 295, 125 N. W. 2d 918.

In this case the statement of each defendant was received in evidence only as against that defendant, and the jury was cautioned and instructed that each such statement could be considered as evidence only as against the defendant who had made the statement. The record does not show an abuse of discretion in overruling the defendant's motion for a separate trial.

The defendant argues that the trial court should have required that any reference to the defendant be deleted from the statements of the other defendants which were received in evidence against them. Under certain circumstances, deletion is a useful and proper device which may eliminate the prejudice or the possibility of prejudice that may result from receiving the statement unaltered. See People v. Aranda, 63 Cal. 2d 518, 47 Cal. Rptr. 353, 407 P. 2d 265. Under the circumstances in this case, we determine that the trial court did not abuse its discretion in receiving the statements of the other defendants without deletion.

Pitmon Foxall, a detective sergeant of the Omaha police department, testified over objection as to statements made by the defendant while in custody. Before this witness was permitted to testify in the presence of the jury, the trial court properly conducted a foundational hearing out of the presence of the jury at which the witness was examined and cross-examined as to the circumstances surrounding the interrogation of the defendant. The defendant also testified at this hearing concerning his arrest and interrogation, and the defendant's mother testified concerning her attempts to visit the defendant while he was in custody.

At the conclusion of the foundational hearing the trial court overruled the defendant's objections to the

testimony of sergeant Foxall and he was permitted to testify as to the defendant's statements in the presence of the jury. The defendant complains that the procedure followed by the trial court did not comply with the constitutional requirements established by the United States Supreme Court in Jackson v. Denno, 378 U. S. 368, 84 S. Ct. 1774, 12 L. Ed. 2d 908, 1 A.L.R. 3d 1205, and that his conviction must be reversed.

Jackson v. Denno, *supra,* requires the trial court to make an independent determination that a confession is voluntary before receiving it in evidence. In State v. Longmore, 178 Neb. 509, 134 N. W. 2d 66, we pointed out that under our procedure the admission of a confession in evidence constitutes the trial court's independent determination that the confession is voluntary.

The defendant's specific complaint is that the Nebraska procedure requires only that the trial court consider the affirmative evidence relating to the voluntariness of the confession. The correct rule is that the trial court should consider all of the evidence in determining whether the confession is voluntary and should be admitted in evidence. To the extent that any of our previous decisions may conflict with this statement of the rule they are disapproved.

There is nothing in the record in this case which indicates that the trial court did not consider all of the evidence presented in determining whether the statements of the defendant were voluntary and should be received in evidence. The defendant was permitted to present evidence as to all of the circumstances under which the statements were made. The procedure that was followed complied with all constitutional requirements.

The defendant's third assignment of error relates to the admission of sergeant Foxall's testimony concerning the defendant's statements. The defendant contends that his objection to the admission of this testimony should have been sustained because the confession was

involuntary, was the fruit of an unlawful arrest, and was obtained after the defendant had been denied the right to counsel.

The defendant was arrested at his home on the morning of August 19, 1964, the day after the robbery. He was taken to the police station, booked, and then questioned briefly by sergeant Foxall. At this time the defendant was advised that he was not required to make a statement, that any statement he made could be used against him, and that he was entitled to counsel. The defendant was questioned again by sergeant Foxall at the police station on two or three occasions and again on two occasions after the defendant had been moved to the county jail. The statements which were admitted in evidence were made to sergeant Foxall at the county jail on August 27, 1964.

The record shows that a complaint charging the defendant with murder while in the commission of a robbery was filed in the municipal court on August 21, 1964. The defendant was taken before a judge of the municipal court on that day and ordered held without bond pending preliminary hearing.

The defendant testified, at the foundational hearing out of the presence of the jury, that the periods of questioning varied from 5 minutes to 20 minutes. On cross-examination the defendant admitted that he knew that he did not have to answer any questions; that he was not threatened or beaten; and that the interrogations were short because he advised the police that he did not want to answer their questions.

Kathryn Erving, the defendant's mother, testified that she went to the police station but was not allowed to see the defendant or talk with him and that she was not allowed to see him until after he had been transferred to the county jail.

The defendant in this case was not held in custody for the purpose of forcing a confession from him. His custody resulted from the fact that he was charged with

murder and was being held for preliminary examination.

The record does not show prolonged periods of questioning, physical abuse, threats, promises, or that the defendant did not understand his rights. Although the defendant's testimony contradicted in part that of sergeant Foxall, the trial court and the jury were not required to believe the defendant and reject the testimony of sergeant Foxall. From our examination of the record we conclude that the evidence is sufficient to sustain the determination made by the trial court and the finding by the jury that the defendant's statements were made voluntarily.

The defendant's contention that his arrest was illegal is based upon the absence of a showing in the record rather than an affirmative showing that grounds for his arrest did not exist. The legality of the arrest was not an issue in the case until the appeal to this court. Under such circumstances this court will not assume that probable cause for the arrest of the defendant did not exist at the time it was made. Furthermore, the statements of the defendant were made long after the arrest and after he had been taken before a magistrate. It is unnecessary to consider further the defendant's contention that the arrest in some way made the statements inadmissible.

The defendant's contention that he was denied the right to counsel is based upon his testimony that he requested permission of sergeant Foxall to telephone a lawyer, which was not granted. This testimony was contradicted by sergeant Foxall. Furthermore, at the foundational hearing out of the presence of the jury, the defendant admitted on cross-examination that he did not ask for counsel or ask to make a telephone call when he was taken before the magistrate 2 days after his arrest. The record does not show a denial of counsel.

The judgment of the district court is affirmed.

AFFIRMED.