**Jerome ERVING, Jr., Appellant,**

v.

**Maurice H. SIGLER, Warden of the Nebraska Penal and Correctional Complex, Appellee.**

**No. 71–1242.**

United States Court of Appeals,
Eighth Circuit.

Jan. 14, 1972.

Thomas C. Emery, Omaha, Neb., for appellant.

Melvin K. Kammerlohr, Asst. Atty. Gen., Lincoln, Neb., for appellee.

Before GIBSON, BRIGHT and ROSS, Circuit Judges.

ROSS, Circuit Judge.

This is an action by Jerome Erving, Jr., a prisoner in the Nebraska State Penitentiary, for a writ of habeas corpus. After an evidentiary hearing in the United States District Court for the District of Nebraska, Judge Urbom refused to grant the writ, Erving v. Sigler, 327 F.Supp. 778 (D.Neb.1971), and entered an order dismissing the petition. We affirm that order of dismissal.

In May 1965, Erving and one other codefendant, Donald Davis, Jr., were

convicted in a jury trial of murder in the perpetration of a robbery in Omaha, Nebraska. Another codefendant, Deborah Boston, was acquitted in the same trial. A fourth party, Nathaniel Hall, pleaded guilty to the same crime. The convictions of Davis and Erving were affirmed on appeal to the Supreme Court of Nebraska, State v. Erving, 180 Neb. 824, 146 N.W.2d 216 (1966), cert. denied, 386 U.S. 998, 87 S.Ct. 1320, 18 L.Ed.2d 348 (1967), and State v. Davis, 180 Neb. 830, 146 N.W.2d 220 (1966) cert. denied, 386 U.S. 998, 87 S.Ct. 1320, 18 L.Ed.2d 348 (1967).

Davis was later successful in securing a writ of habeas corpus in a case decided by this Court in 1969. Davis v. Sigler, 415 F.2d 1159 (8th Cir. 1969). In that case we held that the admission of the extrajudicial confessions of Erving and Boston were incriminating and prejudicial to Davis and therefore not admissible against Davis under Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

In this case, Erving makes five separate contentions as follows:

I. The procedure followed by the trial court, and approved by the Nebraska Supreme Court, in ruling petitioner's confession admissible and voluntary does not satisfy the requirements of the due process clause of the Fourteenth Amendment.

II. Appellant's right to counsel under the Sixth and Fourteenth Amendments was violated, and the [state] district court committed reversible error in permitting appellant's admissions to be received into evidence over his numerous objections.

III. The totality of the circumstances of appellant's detention, interrogation, and confession violated appellant's rights to due process and against self-incrimination under the Fifth and Fourteenth Amendments to the Constitution of the United States.

IV. The refusal of the trial court, on proper and timely motion of appellant, to sever his trial from those of his co-defendants or to require witnesses to delete hearsay references to appellant from testimony as to the oral and written admissions of co-defendants prejudicial to appellant and in violation of his rights to fair trial and to be confronted with the witnesses against him under the Sixth and Fourteenth Amendments, notwithstanding cautionary instructions to the jury by the trial court.

V. In the consolidated trial of the three co-defendants, the admission and presentation before the jury of the prejudicial oral and written confessions of co-defendants Boston and Davis did not constitute harmless error beyond a reasonable doubt as against appellant.

Erving's first contention is one which involves several facets, all but one of which have been adequately dealt with by the memorandum opinion of the trial court. The question of whether the state trial court complied with the requirements of Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), in determining Erving's confession admissible requires further discussion.

The trial of this case was in May of 1965, almost a year after the opinion of the Supreme Court was rendered in Jackson v. Denno, *supra*. In March of 1965, the Supreme Court of Nebraska decided State v. Longmore, 178 Neb. 509, 134 N.W.2d 66, 72–73 (1965), in which the applicable law was stated to be as follows:

" 'In a criminal trial a confession of guilt alleged to have been made by the defendant is not competent in evidence, unless first shown to have been voluntarily made.' Parker v. State, 164 Neb. 614, 83 N.W.2d 347, cases there cited. The court must first determine on evidence taken out of the presence of the jury, if there is objec-

tion to taking it in the presence of the jury, whether or not it has been sufficiently shown that the confession was voluntarily made. The question to be determined by the court is that of whether or not the affirmative evidence shows that the confession was voluntarily made and that this evidence excludes any other hypothesis. It is sufficient to establish affirmatively all that occurred immediately prior to and at the time of making the confession, provided such affirmative proof shows it to have been freely and voluntarily made and excludes the hypothesis of improper inducements or threats. Holthus v. State, 138 Neb. 200, 292 N.W. 603; Gallegos v. State, 152 Neb. 831, 43 N.W.2d 1, affirmed, 342 U.S. 55, 72 S.Ct. 141, 96 L.Ed. 86. Before the confession is received in evidence, the defendant may introduce evidence to show that the confession is involuntary and for this purpose may show all of the circumstances under which the confession was made. Counsel for the defendant, before the confession is admitted, has a right to cross-examine the witnesses who propose to testify to it as to the circumstances surrounding the making of it, and may also call at the same time independent witnesses and examine them, going thoroughly into the whole matter as to how the confession came to be made, the parties present, and the physical condition and state of mind of the prisoner at the time it was made; and then the court, with all these facts before it, is to pass upon its admission. Stagemeyer v. State, 133 Neb. 9, 273 N.W. 824; Tramp v. State, 104 Neb. 222, 176 N.W. 543.

"Under Nebraska procedure, the admission of the confession in evidence constitutes the court's independent determination that the confession is voluntary. See Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908."

At the trial, the state court excused the jury upon the first mention of a possible confession and conducted an extensive hearing outside the jury's presence on the circumstances surrounding the confession. At this hearing, the court heard testimony of the officer who interrogated Erving and secured the confession, as well as the testimony of Erving and of Erving's mother. Most of this testimony related directly to many of the same grounds alleged by Erving in the habeas corpus action. At the conclusion of the testimony of Erving, his trial counsel made the following motion:

"[T]he defendant Jerome Erving, Jr., moves that any testimony by Sergeant Foxall concerning any admissions or statements made by Jerry Erving, Jr., not be admitted to evidence for the reason that any statements given by Jerry Erving, Jr., were involuntary and produced by the fact that he was never allowed counsel, never allowed to make any contact with a counsel of his choice, never allowed to contact anyone during the time that he was in custody from the 19th of August until his last conversation with Sergeant Foxall on the 27th of August, a period of nine days; that he was not advised that anything he said might be used against him; that he was not advised as to his right to confront any witnesses against him, and that he was told that other persons had involved him in this crime as an inducement to make him admit participation in it although he, for a period of eight days, maintained his innocence and lack of knowledge of the crime."

The state trial court deferred ruling on that motion until all of the evidence relating to the confession of Erving (as well as the confessions of Boston and Davis) had been completed. At that time, the state trial court made the following ruling:

"The objections were, I think perhaps by some counsel for the defendants, phrased as motions, but in either event the objections or motions of the defendants and each of them to testimony of the witness Foxall are at this time denied. We will take a ten-

minutes recess, at the conclusion of which the jury will be assembled and we will continue with the witness Foxall."

It would thus appear that the state trial court followed to the letter the then current rule in Nebraska relating to the determination of the voluntariness of confessions. It conducted an extensive hearing outside the presence of the jury. It considered both the affirmative evidence offered by the state and the negative evidence adduced by the defendant in extensive cross-examination of the officer who took the confessions, and in the testimony of Erving and his mother. Then with all of those facts before it, the court ruled the confession admissible, which under State v. Longmore, *supra*, constituted "the court's independent determination that the confession [was] voluntary."

It should be pointed out that the facts in this case differ substantially from those in Parker v. Sigler, 413 F.2d 459 (8th Cir. 1969), vacated, 396 U.S. 482, 90 S.Ct. 667 (1970). In that case, the law of the State of Nebraska was such (in 1956, at the time of Parker's trial) that the trial court went "no further than to determine that the State had made a prima facie case on the basis of the affirmative evidence offered by the State." Parker v. Sigler, *supra*, at 463 (footnote omitted).

Likewise, this case can be distinguished from Stidham v. Swenson, 443 F.2d 1327 (8th Cir. 1971), petition for cert. filed, 40 U.S.L.W. 3111 (U.S. Aug. 12, 1971) (No. 71–224). In that case, this Court held that the failure of the state trial court to specifically rule that the confession was voluntary was fatally defective *in view of the then current status of Missouri law*, which Judge Heaney described as follows:

"Our examination of the Missouri case law convinces us that a trial court had and frequently used the right to submit the question of voluntariness to the jury without a prior

determination that the confession was voluntary." *Id.* at 1329.

In this case, the law of Nebraska at the time of the state court trial did acknowledge and recognize the necessity of a separate hearing outside the presence of the jury and a finding that the confession was voluntary after full consideration of all the evidence, including that offered by the defendant; and from a careful reading of the record we must assume that the state trial court followed that law as enunciated in State v. Longmore, *supra*.

In Sims v. Georgia, 385 U.S. 538, 544, 87 S.Ct. 639, 643, 17 L.Ed.2d 593 (1967), the Supreme Court further explained its holding in Jackson v. Denno, *supra*, by stating: "Although the judge need not make formal findings of fact or write an opinion, his conclusion that the confession is voluntary must appear from the record with unmistakable clarity." In this case we must conclude that in view of the very specific motion made by defense counsel and the response thereto by the court, and in view of the holding in State v. Longmore, *supra*, that such a ruling in Nebraska constituted "the court's independent determination that the confession is voluntary," the trial court *did* determine that the confession was voluntary "with unmistakable clarity" after an adequate hearing as mandated by Jackson v. Denno, *supra*.

Each of the other contentions has been carefully considered by this Court after a complete review of all of the testimony adduced at the original trial and at the federal court evidentiary hearing. Judge Urbom's decision correctly answers in substance each of these other allegations, and no useful purpose would be served in repeating the reasoning and precedent cited by him in that reported decision. Erving v. Sigler, 327 F.Supp. 778 (D.Neb.1971). For the reasons set forth therein, and those set forth above, we affirm the judgment of the trial court.

BRIGHT, Circuit Judge (dissenting).

Because I find no indication that the Nebraska courts have ever made a reliable determination of the voluntariness of Erving's confession as is required by Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), I respectfully dissent. In denying Erving's petition, the majority concludes: (1) that the state trial judge's action in overruling Erving's objection to the admission of his confession constitutes a reliable finding of voluntariness; and (2) that the state trial judge considered all evidence presented in ruling upon the admissability of the confession. I cannot accept either conclusion.

Under the principles announced in Jackson v. Denno, *supra*, a defendant "[i]s entitled to a fair hearing in which both the underlying factual issues and the voluntariness of his confession are actually and reliably determined." 378 U.S. at 380, 84 S.Ct. at 1783. *Jackson's* progeny plainly establish that a trial court's finding of voluntariness "must appear from the record with unmistakable clarity." Sims v. Georgia, 385 U.S. 538, 544, 87 S.Ct. 639, 643, 17 L.Ed.2d 593 (1967); *see* Reizenstein v. Sigler, 428 F.2d 702 (8th Cir. 1970); Parker v. Sigler, 413 F.2d 459 (8th Cir. 1969), rev'd on other grounds, 396 U.S. 482, 90 S.Ct. 667, 24 L.Ed.2d 672 (1970); Evans v. United States, 375 F.2d 355 (8th Cir. 1967). The instant record contains no clear finding on the question of voluntariness. In ruling upon the admissability of Erving's confession, the state trial judge said:

> The objections were, I think perhaps by some counsel for the defendants, phrased as motions, but in either event the objections or motions of the defendants and each of them to testimony of the witness Foxall are at this time denied. [Tr. 308]

In my view, this statement falls far short of satisfying the requirement that the trial court's finding of voluntariness "must appear from the record with unmistakable clarity." Sims v. Georgia, 385 U.S. 538, 544, 87 S.Ct. 639, 643 (1967).

The majority circumvents this requirement by accepting the Nebraska procedure described in State v. Longmore, 134 N.W.2d 66 (Neb.1965).

> Under Nebraska procedure, the admission of the confession in evidence constitutes the court's independent determination that the confession is voluntary. [*Longmore, supra*, 134 N.W.2d at 73.]

In prior decisions, we have reviewed this Nebraska procedure and have found it to be constitutionally inadequate under Jackson v. Denno standards. Reizenstein v. Sigler, 428 F.2d 702 (8 Cir. 1970); Parker v. Sigler, 413 F.2d 459 (8th Cir. 1969), rev'd on other grounds, 396 U.S. 482, 90 S.Ct. 667 (1970).

Judge Van Oosterhout's comments in *Parker, supra*, are apposite here:

> The record in the case before us shows that the convicting court made no reliable determination of the voluntariness issue before admitting the confession in evidence. All that appears in the record is a bald statement overruling defendant's appropriate objection to the admission of the written signed confession. No finding or basis for such ruling is stated. [413 F.2d at 462.]

In reviewing *Parker*, the Supreme Court agreed with these comments, saying:

> [T]he record of proceedings in the trial court and the opinion of the Nebraska Supreme Court affirming respondent's conviction do not justify a conclusion that the trial judge made his own determination of voluntariness as required by Jackson v. Denno. . . . [Sigler v. Parker, 396 U.S. 482, 483, 90 S.Ct. 667, 668 (1970).]

The decisions in *Reizenstein, supra*, and *Parker, supra*, convince me that the trial court's action in overruling Erving's objection to the admission of his confession cannot be accepted as a substitute for a clear finding of voluntariness.

I do not rest my dissent on this ground alone, however. I have exam-

ined and found wanting another aspect of the procedure followed in Nebraska at the time of Erving's trial.

In Parker v. Sigler, *supra*, we held that the long-standing Nebraska procedure allowing a trial judge to determine voluntariness on the basis of the affirmative evidence presented by the state does not satisfy the requirements of Jackson v. Denno. In rejecting this procedure as constitutionally inadequate, Judge Van Oosterhout noted:

> [T]he trial court under Nebraska standards was going no further than to determine that the State had made a prima facie case on the basis of the affirmative evidence offered by the State. [*Id.* 413 F.2d at 463.]

The opinion in State v. Longmore, *supra*, describes this affirmative evidence inquiry as follows:

> The question to be determined by the court is that of whether or not the affirmative evidence shows that the confession was voluntarily made and that this evidence excludes any other hypothesis. It is sufficient to establish affirmatively all that occurred immediately prior to and at the time of making the confession, provided such affirmative proof shows it to have been freely and voluntarily made and excludes the hypothesis of improper inducements or threats. [134 N.W.2d at 72–73.]

Not until Erving's appeal did the Nebraska Supreme Court disapprove this procedure:

> The defendant's specific complaint is that the Nebraska procedure requires only that the trial court consider the affirmative evidence relating to the voluntariness of the confession. The correct rule is that the trial court should consider all of the evidence in determining whether the confession is voluntary and should be admitted in evidence. To the extent that any of our previous decisions may conflict with this statement of the rule they are disapproved. [State v. Erving,

180 Neb. 824, 146 N.W.2d 216, 218–219 (Neb.1966).]

The present record contains no indication that the state trial judge failed to apply the well-entrenched, but constitutionally inadequate, procedure described in *Longmore* in ruling upon the admissibility of Erving's confession. On the basis of the trial judge's statements in overruling Erving's objection to the admission of his confession, I am unwilling to infer that the trial judge departed from established procedure and applied a rule which had not yet been announced.

For the foregoing reasons, I would reverse and allow the state a reasonable time to grant petitioner a hearing to determine the voluntariness of his confession under Jackson v. Denno standards.