STATE OF NEBRASKA, APPELLEE, V. JOHN MEDINA, APPELLANT.

204 N. W. 2d 785

Filed March 9, 1973. No. 38655.

Charles F. Fitzke and James T. Hansen, for appellant.

Clarence A. H. Meyer, Attorney General, and Bernard L. Packett, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

WHITE, C. J.

The defendant was charged with second degree arson in the burning of a lumber shed owned by the S & V Lumber Company of Minatare, Nebraska. Upon a trial of the case in the district court for Scotts Bluff County, the jury returned a verdict of guilty and the defendant was sentenced to 1 to 2 years in the Nebraska Penal and Correctional Complex. We affirm the judgment and sentence of the district court.

The defendant's first contention on appeal is that the confession given by him to the sheriff after he had been arrested was involuntary and therefore the failure to exclude the confession from the evidence was error.

The record shows that the defendant signed two separate waivers of his rights after these rights had been read and explained to him, and he then proceeded to confess to the act of arson. No instances of improper inducements or threats or use of violence were cited by the defendant as occurring prior to or during the taking of this confession. The defendant's contention that the confession was involuntary rests solely upon his statements at trial to the effect that he was "pretty will shook up" and under pressure when the confession was taken.

The record shows that at no time did the defendant testify that the confession was anything but free and voluntary. Nevertheless, the jury was very thoroughly instructed that before it could consider the confession it must first find that the confession was freely and voluntarily given. The term "freely and voluntarily," was defined. to which no objection was made by the defendant. The court also instructed the jury as to what the

defendant's rights were and before it could consider the confession it must find that the defendant was first advised of these rights.

Where evidence as to what occurred immediately prior to and at the time of the making of a confession shows that it was freely and voluntarily made and excludes the hypothesis of improper inducements or threats, the confession is voluntary and may be received. State v. Ransom, 182 Neb. 243, 153 N. W. 2d 916; State v. Erving, 180 Neb. 824, 146 N. W. 2d 216. In the instant case, witnesses were called to relate the circumstances surrounding the taking of the defendant's confession and the confession was then admitted into evidence over the defendant's objection. The admission of the confession into evidence shows the trial court's independent determination that the confession was voluntary. State v. Davis, 180 Neb. 830, 146 N. W. 2d 220; State v. Erving, *supra.* A finding that a statement of an accused is voluntary will not ordinarily be set aside unless the finding is clearly erroneous. State v. Holland, 183 Neb. 485, 161 N. W. 2d 862. Not only is the trial court's finding of voluntariness supported by the evidence, and not clearly erroneous, but the record in this case indicates that there is no evidence to support the defendant's contention that the confession was made involuntarily. There is no merit to this assignment of error.

The defendant next assigns as error the trial court's refusal to exclude testimony by an expert witness, a deputy state fire marshal, that the fire at the lumber shed could possibly have been started by dropping a burning paper sack on a pile of sawdust, as claimed by the State's witness. The defendant asserts that the expert in so testifying was allowed to suggest and lend support to a conclusion which the jury alone was to accept or reject. The expert did not, however, render an opinion upon the ultimate question before the jury, i.e., whether or not the fire was of incendiary origin, but instead merely testified that the State's theory of the

origin of the fire was not an impossible one. If there is any element of science or skill in a matter being investigated before a trial jury, it is not reversible error for the court to admit expert testimony thereon, even though the element of science is slight. Clawson v. State, 96 Neb. 499, 148 N. W. 524.

The defendant next attacks the sufficiency of the evidence to sustain a verdict. A sufficient answer to this contention is that not only was there testimony of an eyewitness, Tryon, as to how the fire was or may have been started by the defendant, but there is also the confession of the defendant given to the sheriff after a full and complete statement having been given to the defendant as to his rights. The evidence was not only sufficient to sustain the verdict but was far short of a "total failure of competent proof" necessary to justify the trial court in directing a verdict of not guilty. State v. Martin, 177 Neb. 209, 128 N. W. 2d 583; State v. Chaney, 184 Neb 734, 171 N. W. 2d 787.

The defendant's final contention is that the sentence of 1 to 2 years is excessive. The statute, section 28-504.02, R. R. S. 1943, provides for a penalty of not less than 1 nor more than 10 years. It is almost apparent on its face that the sentence imposed could not be "excessive." We observe that the court had available to it a presentence investigation, and there is no evidence in this record of any nature whatsoever of an abuse of discretion by the trial court in imposing the sentence that it did. A sentence imposed within the statutory limits will not be disturbed unless an abuse of discretion appears in the record. State v. Etchison, 188 Neb. 134, 195 N. W. 2d 498; State v. Meloy, 188 Neb. 98, 195 N. W. 2d 173. There is no merit to this contention.

The judgment and sentence of the district court are correct and are affirmed.

AFFIRMED.